### Joseph Huber v. The People, etc.

1. VERDICTS—*In Criminal Cases.*—A verdict without evidence to support it is not to be sustained in a criminal prosecution, where it is required that the evidence should be sufficient to satisfy the minds of the jury beyond a reasonable doubt.

Indictment for selling liquor to minors. Error to the County Court of Rock Island County; the Hon. LUCIAN ADAMS, Judge, presiding. Heard in this court at the October term, 1899. Reversed. Opinion filed February 1, 1900.

M. R. HARRIS and J. L. HAAS, attorneys for plaintiff in error.

C. J. SEARLE, attorney for defendant in error.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

Plaintiff in error was indicted by the grand jury of Rock

Island county for selling intoxicating liquor to minors. The indictment contained three counts: First, for selling liquor without a written order, etc., to Carl Lowe, a minor; second, for the sale of lager beer to said Carl Lowe, and third, for the sale of intoxicating liquor to Frank Ellinwood, a minor, without a written order, etc.

The case was certified to the County Court for trial, which was had before a jury, resulting in a verdict finding the defendant guilty on the second and third counts. A motion for new trial was overruled and a judgment entered upon the verdict imposing a fine of $30 and costs on the second count of the indictment, and a like amount on the third count. The defendant prosecutes this writ of error and insists upon a reversal for various reasons assigned upon the record.

The only one we have deemed it necessary to consider is, whether or not the evidence was sufficient to sustain the conviction.

It appears from the evidence that Carl Lowe, a minor aged nineteen years, Frank Ellinwood, aged eighteen years, and an adult named Ed Patten, met in the city of Rock Island on April 20, 1898, and started for Moline for the purpose of enlisting in the militia; that before leaving Rock Island they entered the saloon of plaintiff in error, in company with each other; that Patten, the adult, called for three " beers," which were set out on the bar by plaintiff in error's bartender, and each of the three persons named, the two minors and Patten, drank one glass of the beer.

It further appears from the evidence that before they entered the saloon, Ellinwood gave Patten twenty-five cents with which to pay for the beer. On direct examination Lowe testified that Ellinwood paid for the beer, but this is squarely contradicted by Ellinwood, and on cross-examination Lowe nullifies the statement made on that subject in his direct examination. There was therefore no evidence upon which the jury could reasonably find that Ellinwood paid for the beer. There is no evidence whatever to show that the bartender knew or had any reason to suppose that Ellinwood furnished the money to pay for

the beer. Nor do there appear to have been any circumstances which ought to have put the bartender upon notice or inquiry. Patten called for the beer, and when it was set out on the bar, he took one glass himself and pushed one over to each of his comrades. This was all there was of it.

We think the case comes squarely within the rulings of the Supreme Court in Siegel v. The People, 106 Ill. 97. Indeed the case at bar is even weaker, if anything, than the Siegel case in some of its aspects.

Counsel for the people concede the Siegel case to be the law of this State and binding on this court, but insist that even under the decision therein contained the instruction given for the people in this case and the verdict of the jury can be sustained.

The trouble with the instruction is that it was not based upon the evidence. There was no evidence, or circumstances appearing in the evidence, from which the jury were warranted in finding that the bartender knew that Ellinwood and Lowe were using Patten as a screen for the purchase of the beer for themselves. True, as said in the Siegel case, " a case might oftentimes exist, undoubtedly, where the barkeeper ought to know, from the circumstances, that the person purchasing is being used by a minor simply as a screen to conceal his own participation, and in such case the vendor should be held responsible. He may not close his eyes to obvious facts and then plead his ignorance to what all others knew; but in such case the fact should be left to the jury, to be determined from the evidence."

It is argued that the question was left to the jury in this case, and that having found the fact against plaintiff in error, their verdict ought to stand. But a finding without evidence upon which to base it ought not to be sustained. Particularly is this so in a criminal prosecution, where it is required that the evidence should be sufficient to satisfy the minds of the jury beyond a reasonable doubt.

We are of the opinion the verdict was not sustained by the evidence and that the conviction was not warranted by the law. The judgment will therefore be reversed.